UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON RIFE,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀*Petitioner,*⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Cause No. 3:16-cv-285 RLM
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀(Arising out of 3:12-cr-17 RLM)
UNITED STATES OF AMERICA,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀*Respondent.*⠀⠀⠀)

OPINION AND ORDER

Jason Rife pled guilty to possessing with intent to distribute a mixture or substance which contained heroin, in violation of 21 U.S.C. § 841(a)(1). At sentencing, both parties agreed that Mr. Rife was a career offender under the Federal Sentencing Guidelines because he had four prior felony convictions for "crimes of violence." USSG § 4B1.2. The relevant prior offenses were resisting law enforcement, battery resulting in serious bodily injury, battery of a minor, and domestic battery. Mr. Rife challenged his career offender status in a motion to vacate under 28 U.S.C. § 2255 based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015) that parallel language in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The court held that the appeal waiver in Mr. Rife's plea agreement barred his motion. This court now addresses whether a certificate of appealability ought to be issued under 28 U.S.C. § 2253(c)(2).

Issuance of a certificate of appealability requires the court to find that Mr. Rife has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has done so.

Mr. Rife's collateral attack failed under existing Seventh Circuit precedent. He didn't show that the appeal waiver was uninformed or involuntary, that a collateral attack was outside of its scope, that sentencing relied on a constitutionally impermissible factor, that his sentence exceeded the statutory maximum, or that his counsel provided ineffective assistance in negotiating the plea agreement. *See* <u>Keller v. United States</u>, 657 F.3d 675, 681 (7th Cir. 2011) (listing exceptions to otherwise valid appeal waiver).

This is an area in which reasonable jurists might disagree. Even though <u>United States v. Bownes</u>, 405 F.3d 634 (7th Cir. 2005) enforced the appeal waiver of a defendant given a within-guideline sentence before <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Bownes</u> doesn't address whether a waiver is enforced if the guidelines at the root of a sentence are themselves invalid. Outside developments in the law may also encourage the appeals court to revise its interpretation of whether a defendant can ever waive rights unknown at the time of the waiver. *See* <u>United States v. McBride</u>, 826 F.3d 293, 294-295 (6th Cir. 2016) (holding that defendant agreeing to career offender designation didn't waive a <u>Johnson</u>-based challenge to the designation because "a defendant can abandon only *known rights*," so he "could not have intentionally relinquished a claim based on <u>Johnson</u>, which was decided after his sentencing").

2

Based on the foregoing, this court GRANTS issuance of a certificate of appealability to Mr. Rife with respect to the issue of whether a waiver of appeal in the plea agreement bars a challenge under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

SO ORDERED.

ENTERED:    <u>September 29, 2016</u>

<u>/s/ Robert L. Miller, Jr.</u>
Judge
United States District Court